# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BOYD, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-0747-D-BH |
| | ) | |
| ALBERT SWEENEY, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, this action should be summarily **DISMISSED** as barred by the "three-strikes" rule if the plaintiff does not prepay the full filing fee.

## I. BACKGROUND

James Boyd ("Plaintiff"), an inmate confined at the Red Onion State Jail in Pound, Virginia, filed this case using the standard form for petitions for habeas corpus relief under 28 U.S.C. § 2254. He lists as Albert Sweeney as respondent. The form provides no information to show that he is challenging a conviction or otherwise seeking habeas corpus relief. Attached is grievance he filed in the Virginia prison that vaguely mentions an injury to his knee and a lawsuit against Albert Sweeney. Plaintiff's filing is therefore construed as a non-habeas civil complaint, and his Certificate of Trust Account is liberally construed as a motion to proceed *in forma pauperis*.

## II. THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. The Fifth Circuit has held that the plaintiff must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam).

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Boyd v. Olson*, No. 7:02-CV-0074 (W.D. Va. Jan. 24, 2002); *Boyd v. None Named*, No. 7:02-CV-0598 (W.D. Va. April 24, 2002); *Boyd v. Simpson*, No. 7:02-CV-0646 (W.D. Va. May 13, 2002). He has also filed at least three prior actions in this district that have been dismissed based on the three-strikes provision. *See Boyd v. Phipps*, No. 3:06-CV-2095-G (N.D. Tex. Dec. 13, 2006); *Boyd v. Kasper*, No 3:06-cv-2159-B (N.D. Tex. Jan. 3, 2007); *Boyd v. Shelton*, 3:08-CV-1520-P (N.D. Tex. Nov. 12, 2008). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Here, Plaintiff does not even allege that he is in imminent danger of serious physical injury, so he must prepay the $350.00 filing fee before he may proceed with this case.

### III. RECOMMENDATION

This action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

SIGNED this 18th day of April, 2011.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE